**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60657
Summary Calendar
_____


HARRELL E FRANKO,

                                        Petitioner,

            VERSUS

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
        UNITED STATES DEPARTMENT OF LABOR,
                    and
        INGALLS SHIPBUILDING, INC.,

                                        Respondents.


_____

Petition for Review of an Order of
        the Benefits Review Board
                (94-2230)
_____

May 22, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


     Harrel Franko petitions for review of the Benefits Review

Board's ("BRB's") denial of his petition for modification of a

disability award, pursuant to the Longshore and Harbor Workers'

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Compensation Act ("LHWCA"), 33 U.S.C. § 922.  Concluding that the BRB should have granted the modification, we grant the petition for review, vacate the BRB's order, and remand.

I.

Franko, an employee of Ingalls Shipbuilding, Inc. ("Ingalls"), from approximately 1957 to 1991, filed in April 1987 a claim for compensation benefits for an alleged occupational hearing loss under the LHWCA, 33 U.S.C. § 901, *et seq.*  He  alleged that he had been exposed to various loud noises while employed at Ingalls and, as a result, had sustained significant hearing loss.

In September 1993, an administrative law judge ("ALJ") determined that Franko had failed to prove that the working conditions at Ingalls caused or aggravated his hearing loss. Although Franko had submitted an affidavit from Gordon Stanfield, Ph.D., in which Stanfield diagnosed partial hearing loss and noted that Franko had been exposed to high-level noise at work, the ALJ concluded that Stanfield had failed to opine that exposure to an injurious level of noise at Ingalls was the cause in fact of Franko's hearing loss.

In March 1994, Franko petitioned the ALJ to reconsider and to admit, pursuant to § 922, a second affidavit in which Stanfield opined, "with a reasonable degree of scientific audiological certainty, that the high level of noise exposure at [Franko's]

2

employment at Ingalls Shipbuilding, Inc. directly caused Mr. Franko's sensory hearing loss." The ALJ denied Franko's petitions to reconsider and to supplement the record, noting that the filing of the supplemental affidavit was merely an attempt to relitigate after the record had been closed.

Franko renewed his petitions, and in December 1994 the ALJ again excluded the supplemental affidavit. According to the ALJ, because of the passage of time from Franko's original filing of his compensation claims and because of Franko's having had ample opportunity to obtain Stanfield's affidavit at the time the case was tried originally, justice would not be served by the introduction of the supplemental affidavit. The ALJ proceeded to analyze, however, the contents of the supplemental affidavit, concluding that its introduction would have "[c]learly" and "unequivocally" satisfied the *prima facie* case for Franko's hearing loss claim. Franko appealed to the BRB, and the ALJ's decisions were affirmed by default because they were not acted upon by the BRB within a year from the date of appeal.

## II.

We review the decisions of the BRB for errors of law and apply the same substantial evidence standard that governs the BRB's review of the ALJ's factual findings. *See Mendoza v. Marine Personnel Co.,* 46 F.3d 498, 500 (5th Cir. 1995). The ALJ

3

determines the weight to be accorded to evidence and makes credibility determinations, neither of which functions we will disturb on appeal. *See Avondale Shipyards v. Kennel*, 914 F.2d 88, 91 (5th Cir. 1990).

Section 922 permits the ALJ to modify a disability award, within one year of the date of rejection of the claim, on the basis of a "change in conditions or because of a mistake in a determination of a fact." A "mistake in a determination of a fact" is construed broadly to include "wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted" where such evidence is necessary "'to render justice under the act.'" *O'Keefe v. Aerojet-General Shipyards,* 404 U.S. 254, 256 (1971). The Supreme Court has reiterated most recently its intent to construe broadly a "mistake in the determination of fact" to achieve the comprehensive remedial purposes of the LHWCA. *See Metropolitan Stevedore Co. v. Rambo*, 115 S. Ct. 2144, 2147 (1995).

In light of this broad construction of mistakes to comport with the directive to do justice under the LHWCA, the ALJ erred in failing to admit the supplemental Stanfield affidavit to prove causation. *See, e.g., Dobson v. Todd Pac. Shipyards Corp.*, 21 B.R.B.S. 174, 176 (1988) (noting that it is an abuse of discretion under § 922 to fail to admit new evidence demonstrating causation between the alleged damages and the employee's working conditions).

4

Where, as here, the ALJ determines "[c]learly" and "unequivocally" that admission of the supplemental affidavit would thereby satisfy Franko's burden to make a *prima facie* case, failure to admit the affidavit does not render justice under the LHWCA.

The ALJ was moved in large part by the apparent injustice that re-opening the record would have on Ingalls, noting that the original trial before the ALJ was held nearly one year after the case had been referred to the ALJ and six years after the claim for compensation had been filed.[1]  In such time, the ALJ reasoned, Franko should have been able to present the supplemental affidavit at the original trial.

Assuming *arguendo* the correctness of the ALJ's determination of the potential injustices to Ingalls from re-opening the case, the relevant question under § 922, as interpreted by *Aerojet-General* and as we have stated herein, is whether the admission of evidence to correct a mistake of fact would "render justice under the act."  404 U.S. at 256.  Although § 922 "should not be allowed to become a back door route to re-trying a case because one party thinks he can make a better showing on the second attempt," *McCord v. Cephas*, 532 F.2d 1377, 1380 (D.C. Cir. 1976), we do not believe that such was the case in the instant appeal.

---

[1] As Franko notes, however, during this six-year period Ingalls was paying for Franko's audiology examinations and treatments and had made partial payments to him for his hearing problems.  Thus, according to Franko, "until the end of that six years of honeymoon treatment, he had no reason to anticipate that he needed to prepare for any hearing."

Rather, Franko submitted medical evidence via Stanfield's original affidavit demonstrating that Franko (1) had worked at Ingalls for twenty-one or twenty-two years; (2) had been exposed during his employment at Ingalls to high-level noise from chippers, grinders, needle guns, and hitting eight pound mauls; and (3) suffered partial binaural hearing impairment. Franko's effort to supplement this affidavit with an additional sentence in which Stanfield would indicate directly that Franko's employment at Ingalls caused the hearing loss was a good-faith attempt to address the ALJ's evidentiary concerns and thereby achieve the relief under the LHWCA to which the ALJ acknowledged, in his review of the supplemental affidavit, Franko was "[c]learly" and "unequivocally" entitled.

Accordingly, the petition for review is GRANTED, the order of the BRB is VACATED, and this matter is REMANDED to the BRB for further appropriate proceedings.